# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1995 | **DATE** | May 6, 2012 |
| **CASE TITLE** | United States ex rel. Craig Armstrong (#00125673) vs. Alan Angus, et al. | | |

**DOCKET ENTRY TEXT:**

The petitioner's motions for appointment of counsel (Docs [6] and [7]) are construed as both a motion for appointment of counsel and as a motion to proceed *in forma pauperis*. Petitioner's motion to proceed *in forma pauperis* is granted. However, the petition for a writ of habeas corpus is summarily dismissed without prejudice on preliminary review pursuant to 28 U.S.C. §§ 2241(c) and 2243, as well as in adherence to the *Younger* abstention doctrine. The case is terminated. The petitioner's motions for appointment of counsel (Docs [6] and [7]) are denied as moot.

■ [For further details see text below.]      Docketing to mail notices.

## STATEMENT

    Craig Armstrong, a detainee at the DuPage County Jail, has filed a *pro se* petition for a writ of habeas corpus presumably pursuant to 28 U.S.C. § 2241. The petitioner challenges a pending state traffic prosecution, arguing that he has been denied a speedy trial and that his counsel was ineffective.

    Having shown that he is indigent, Petitioner's motion for leave to proceed *in forma pauperis* is granted. However, the petition is summarily dismissed on preliminary review for failure to exhaust state court remedies prior to filing suit, as well as pursuant to the *Younger* abstention doctrine.

    Although federal district courts have jurisdiction over pretrial habeas petitions, they grant such relief sparingly. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979); *Thomas v. Cook Cnty. Corr.*, No. 10 C 4484, 2010 WL 2990178, *2 (N.D. Ill. Jul. 22, 2010) (Bucklo, J.). "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489 (1973); *Thomas*, 2010 WL 2990178, at *2. Furthermore, while Section 2241 does not require that a petitioner exhaust available state remedies, "federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." *United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991); *Braden*, 410 U.S. at 489-92; *Boettcher v. Doyle*, 105 Fed. App'x 852, 854 (7th Cir. 2004). The exhaustion doctrine requires a petitioner to use available state procedures to pursue his or her claim before seeking federal habeas corpus relief, "thereby giving the State the opportunity to pass upon and correct alleged

**(CONTINUED)**

    AWL

| STATEMENT (continued) |
|---|

violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2005) (citations omitted).

To provide the State with the necessary "opportunity," the prisoner must "fairly present" his or her claim at each level of review in the state court system (including a state supreme court with powers of discretionary review) so that the state courts are alerted to the federal nature of the claim. *Id.* In most cases, courts will not consider claims that can be raised at trial and in subsequent state proceedings. Here, the petitioner admits that he has not exhausted state court remedies. As the petitioner has not exhausted state court remedies, his federal habeas petition is not ripe for review.

Furthermore, irrespective of concerns of exhaustion, it should be noted that federal courts are largely prohibited from interfering in pending state criminal proceedings, in deference to principles of equity, comity, and federalism. *See Younger v. Harris*, 401 U.S. 37, 53 (1971); *Vill. of Depue, Ill. v. Exxcon Mobile Corp.*, 537 F.3d 775, 783 (7th Cir. 2008). This case meets the criteria for *Younger* abstention, *see Barichello v. McDonald*, 98 F.3d 948, 955 (7th Cir. 1996). Moreover, the Court is not satisfied that "extraordinary" circumstances exist, such as official bad faith or harassment in the enforcement of state laws, that would justify an exception to the abstention rule. *Younger*, 401 U.S. at 4; *Arkebauer v. Kiley*, 985 F.2d 1351, 1358 (7th Cir. 1993). Under the facts of this case, the Court discerns no basis for intervening in the ongoing state criminal proceedings.

For the foregoing reasons, the petition for a writ of habeas corpus is summarily dismissed on preliminary review pursuant to 28 U.S.C. §§ 2241(c) and 2243. The petitioner has not exhausted his state court remedies. Regardless, the Court finds that the petition must be dismissed pursuant to the *Younger* abstention doctrine. The case is terminated. Dismissal is without prejudice, and the petitioner may seek federal habeas review in the event that he is convicted and has exhausted his available state court remedies.